# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

SCOTTSDALE INSURANCE       )
COMPANY,       )
           Plaintiff,       )
      ) CAUSE NO.: 2:16-CV-373-RLM-PRC
      v.       )
      )
PMG INDUSTRIAL, LLC, WALSH       )
CONSTRUCTION COMPANY, and       )
CHICAGO EXPLOSIVE SERVICES, LLC,       )
           Defendants.       )

## OPINION AND ORDER

This matter is before the Court on Defendant PMG Industrial, LLC's Motion for Transfer of Venue [DE 28], filed on November 16, 2016. Plaintiff Scottsdale Insurance Company filed a response on November 30, 2016, and Defendant PMG Industrial, LLC filed a reply on December 7, 2016. This matter is also before the Court on Defendant PMG Industrial, LLC's Motion to Substitute Affidavit of Rick Flores [DE 32], filed on December 7, 2016. Defendant PMG Industrial, LLC asks for a transfer of venue to the Southern District of Indiana, Evansville Division, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court grants the Motion for Transfer of Venue.

## BACKGROUND

Plaintiff Scottsdale Insurance Company ("Scottsdale") filed its Complaint for Declaratory Judgment in this District to obtain a declaration that it has no duty to defend or indemnify Defendant PMG Industrial, LLC ("PMG") in connection with a separate lawsuit pending in this District brought by Walsh Construction Company ("Walsh") against Chicago Explosive Services, LLC ("CES") and PMG (*Walsh Constr. Co. v. Chi. Explosive Servs., LLC and PMG Indus., LLC*, No. 14-CV-84-RL-PRC).

Plaintiff Scottsdale is a corporation organized under the laws of Ohio, with its principal place of business in Scottsdale, Arizona. Defendant PMG is a limited liability company organized under the laws of Indiana, with its principal place of business in Evansville, Indiana, and with its members citizens of Indiana. Defendant Walsh is a corporation organized under the laws of Illinois, with its principal place of business in the State of Illinois. Defendant CES is a limited liability company organized under the laws of Indiana, with its principal place of business in Evansville, Indiana, with two of its members citizens of Indiana and a third member a citizen of either Illinois or Florida.[1] Scottsdale represents that the amount in controversy, including the potential costs of defending and indemnifying PMG with regard to the underlying lawsuit exceeds $75,000.00. Jurisdiction in this matter is premised upon diversity of citizenship. *See* 28 U.S.C. § 1332(a).

In the Complaint in this case, Scottsdale notes that the complaint in the related litigation brought by Walsh alleges that, on October 11, 2012, Walsh and CES entered into a Subcontract Agreement for certain bridge demolition services, including demolition of two spans of the Cline Avenue Bridge, in East Chicago, Indiana. The related complaint alleges that CES performed blasting work through the use of explosives and that PMG assisted CES in the completion of the blasting. Scottsdale further notes that the complaint in the related case alleges that the blasting caused severe

---

[1] In the Complaint, Scottsdale alleges that Scottsdale is organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona; that Walsh Construction Company is an Illinois corporation with its principal place of business in Illinois; and that the members of PMG Industrial LLC are citizens of Indiana. However, as for Defendant Chicago Explosive Services, LLC, Scottsdale alleges only that Chicago Explosive Services, LLC is a limited liability company organized under the laws of Indiana with its principal place of business in Evansville, Indiana, and does not allege the citizenship of its members.

However, in the course of briefing the instant motion, the parties notified the Court that, in the related litigation (*Walsh Constr. Co. v. Chi. Explosive Servs., LLC and PMG Indus., LLC*, No. 14-CV-84), a motion to dismiss has been filed challenging the court's subject matter jurisdiction on the basis that there is not complete diversity of citizenship between the plaintiff Walsh Construction Company, a citizen of Illinois, and Defendant Chicago Explosive Services, LLC, of which two members are citizens of Indiana and one member is a citizen of either Illinois or Florida. The motion to dismiss has not yet been ruled on.

Based on that information, it appears that there is complete diversity in this case and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

property damage that Walsh was contractually obligated to repair at a cost totaling approximately $2,127,250.19. Finally, the related complaint alleges that "the blasting work performed by PMG was an ultra-hazardous activity" and that, as a result, PMG is strictly liable for proximately causing the damage. (Compl. ¶¶ 26, 27 (quoting Ex. B, Count VII, ¶¶ 29, 30)).

In this case, Scottsdale alleges that it issued to PMG a commercial general liability insurance policy effective August 16, 2012, through August 16, 2013. The policy includes a Demolition Exclusion endorsement that provides, in part, that the insurance does not apply to "'property damage' arising out of any blasting operations" and does not apply to "'property damage' arising out of the demolition of any building or structure that has a height in excess of three stories or fifty (50) feet from the ground surface on the exterior of any building or structure." (Compl. ¶ 12). The Complaint further alleges that, although Scottsdale initially agreed to defend PMG in the related case brought by Walsh under a reservation of rights, through the course of discovery, Scottsdale learned that the bridge at issue has a height in excess of fifty feet from the ground surface and that the work PMG allegedly performed included drilling holes in the bridge for the placement of explosives. On information and belief, Scottsdale alleges that a portion of PMG's work on the bridge was performed at a height in excess of fifty feet from the ground surface.

Thus, Scottsdale asks for a declaratory judgment in this case that there is no coverage under the Policy because the Demolition Exclusion endorsement precludes coverage entirely.

## ANALYSIS

As an initial matter, the Court grants the Motion to Substitute Affidavit of Rick Flores to allow the substitution of his signed Affidavit for the unsigned Affidavit filed with PMG's opening motion.

Defendant PMG seeks transfer of venue under 28 U.S.C. § 1404(a) from the Northern District of Indiana, Hammond Division to the Southern District of Indiana, Evansville Division. PMG argues that the convenience of the parties, the witnesses, and the interest of justice will be better served by the transfer of venue. Plaintiff Scottsdale opposes the transfer of venue.

Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Therefore, (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses and must be in the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *Law Bulletin Publ'g, Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). Although specifically set forth in § 1404(a), "these factors are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Travel Supreme, Inc. v. NVER Enters., Inc.*, No. 3:07CV194PPS, 2007 WL 2962641, at *8 (N.D. Ind. Oct. 5, 2007) (quoting *Coffey*, 796 F.2d at 219 n.3); *see also Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The party seeking transfer has the "burden of showing that 'the transferee forum is clearly more convenient.'" *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). "[W]hen the inconvenience of the alternative venues is comparable there is no basis for a change of venue[.]" *In re Nat'l Presto Indus.*, 347 F.3d 662, 665 (7th Cir. 2003).

First, venue is proper in this court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the related litigation occurred in this District and a substantial part

4

of the property that is the subject of the related litigation is situated in this District. East Chicago, Indiana, where the blasting work occurred, is in this District.

Second, venue is proper in the Southern District of Indiana. In its opening motion, PMG does not analyze any of the requirements of § 1391(b) as to venue in the Southern District of Indiana, and Scottsdale comments only in a footnote that the parties do not dispute that venue is proper in the transferee district but also offers no analysis of § 1391(b). The Court may only transfer venue under § 1404(a) if venue is proper in the transferee court.

Section 1391(b) provides.

**(b) Venue in general.**--A civil action may be brought in--
(**1**) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(**2**) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(**3**) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue is not proper under § 1391(b)(1). Defendant PMG is a resident of the Southern District of Indiana as is Defendant CES. However, Defendant Walsh Construction Company is a resident of Illinois, as a corporation organized under the laws of Illinois with its principal place of business in Illinois. Because all Defendants are not residents of the State of Indiana, venue is not proper in the Southern District of Indiana under § 1391(b)(1). Section 1391(b)(3) is not applicable because there is a district in which venue is proper—the Northern District of Indiana.

However, venue is proper under § 1391(b)(2) because a substantial part of the events giving rise to the claim in this case occurred in the Southern District of Indiana where the insurance policy

that is the subject of this declaratory action was negotiated, drafted, and entered into. *See State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 650 (S.D. Ind. 1996).

Thus, the Court turns to the question of whether the transfer would serve the convenience of the parties and witnesses and would be in the interests of justice. The Court balances the following "private interests" in the convenience analysis: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease and access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums." *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009) (citing *Law Bulletin*, 992 F. Supp. at 1017); *see also Research Automation, Inc.*, 626 F.3d at 978. In addition, the Court considers the "interest of justice" or the "public interest," which relates to the efficient functioning of the courts. *Coffey*, 796 F.2d at 219-20. These "[p]ublic interest factors include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Valbruna Stainless, Inc. v. ADT Sec. Servs., Inc.*, 1:10-CV-77, 2010 WL 2772324, at *2 (N.D. Ind. July 12, 2010) (quoting *Omnisource Corp. v. Sims Bros., Inc.*, No. 1:08-CV-89, 2008 WL 2756345, at *4 (N.D. Ind. July 14, 2008)).

First, this District is the plaintiff's choice of forum. Ordinarily, courts give substantial weight to the plaintiff's choice of form, particularly when it is the plaintiff's home forum. *See In re Nat'l Presto Indus.*, 347 F.3d at 664. However, this District is not Scottsdale's home forum. Thus, Scottsdale's choice of forum is entitled to less deference. Notably, it is not the home forum of any party.

6

Second, the situs of the material events relevant to the instant lawsuit is the Southern District of Indiana. Although the underlying lawsuit based on breach of contract and negligence brought by Walsh against PMG and CES is pending in this District and the blasting that led to that lawsuit occurred in this District, the instant cause of action is one of indemnity under the insurance contract between Scottsdale and PMG. The insurance contract was sold in Evansville, Indiana, in the Southern District of Indiana where PMG resides. This factor strongly favors transfer.

Next, the relative ease and access to sources of proof as well as the convenience of the witnesses favors transfer. The relevant parties and witnesses are those involved with the insurance policy as well as those involved with the blasting and construction work that is the topic of the insurance coverage at issue. Regarding the insurance policy, none of the witnesses are located in this District; PMG's president and other officers are residents of Evansville, Indiana, and all of the business records of PMG are located in Evansville, Indiana. Scottsdale's witnesses and records are in Arizona. As for the witnesses involved with the work that is the topic of the insurance coverage, the PMG supervisor of the employees who performed the work is a resident of Evansville, Indiana. The Court notes that the parties have already obtained certain discovery regarding the related complaint in the course of that litigation. In its reply brief, PMG represents that "[t]he events giving rise to the Underlying Lawsuit were demolished and there is nothing to see." (PMG Reply 2).

Scottsdale argues that transfer will impermissibly shift the inconvenience of travel from PMG employees to Scottsdale employees. However, the burden is not shifted from PMG to Scottsdale. Rather PMG's inconvenience is alleviated, while Scottsdale's already existing inconvenience is relatively the same. Although Scottsdale represents that it can take a direct flight from Arizona to Chicago, Illinois, the airports in Chicago are approximately an hour drive from the

courthouse in Hammond, Indiana. Although Scottsdale would have to take a connecting flight to get from Arizona to the airport in Evansville, Indiana, PMG represents that the airport in Evansville is approximately eight miles from the courthouse in the Southern District. In contrast, if transfer is not granted, PMG would have to fly to Chicago, Illinois, and then drive to Hammond, Indiana, or drive the approximately 550 miles round trip from Evansville, Indiana, to Hammond, Indiana. This favors transfer.

As for the burden on the remaining two defendants, who are not parties to the insurance contract, the inconvenience is shifted from one to the other. Walsh will have to travel from Illinois, which it can do by flying directly from Chicago, Illinois, to Evansville, Indiana, or by driving. And, CES, like PMG, is located in Evansville, Indiana, so the same inconvenience that PMG would sustain with traveling to the Northern District of Indiana, Hammond Division, is alleviated. The inconvenience to these parties is neutral.

Finally, the convenience of the parties litigating in the respective forums weighs in favor of transfer. The Northern District of Indiana is inconvenient for both Scottsdale and PMG, whereas the Southern District of Indiana is only relatively equally inconvenient for Scottsdale. The Court finds that, having considered all the factors, PMG has met its burden of showing that transferring the case to the Southern District of Indiana would be "clearly more convenient." *Coffey*, 796 F.2d at 219-20; *see also U.S. ex rel Reuille v. Comm. Health Sys. Prof'l Servs. Corp.*, No.: 1:09-CV-07, 2011 WL 5238826, at *2 (N.D. Ind. Nov. 1, 2011).

As for the interests of justice, the court in both Districts is equally able to apply federal and Indiana law (which the parties agree applies) and there is no evidence that one forum will allow the case to proceed to trial any faster than the other. Although Scottsdale argues that the citizens of the

Northern District of Indiana have a strong interest in resolving this dispute involving its residents, the insurance dispute in this case is whether the insurer Scottsdale, a resident of Arizona, must defend and indemnify the insured PMG, a resident of the Southern District of Indiana, Evansville Division. Therefore, the residents of the Southern District of Indiana have a stronger connection to the events of this litigation than those of this District.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant PMG Industrial, LLC's Motion to Substitute Affidavit of Rick Flores [DE 32] and **GRANTS** Defendant PMG Industrial, LLC's Motion for Transfer of Venue [DE 28]. The Clerk of this Court is **DIRECTED** to transfer this case to the Southern District of Indiana, Evansville Division for all further proceedings.

SO ORDERED this 14th day of December, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

9